## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

Great West Casualty Company

Plaintiff,

v.

National Casualty Company,

Defendant.

Court File No.: _____

## COMPLAINT FOR
## DECLARATORY JUDGMENT

## JURY TRIAL DEMANDED

Plaintiff, Great West Casualty Company, for its Complaint for Declaratory Judgment, hereby states and alleges as follows:

## JURISDICTION AND PARTIES

1.    Great West Casualty Company ("Great West") is an insurance company organized under the laws of the State of Nebraska with its principal place of business in South Sioux City, Nebraska.

2.    Defendant National Casualty Company ("National") is an insurance company understood and believed to be incorporated in the State of Wisconsin but has its principal place of business in Scottsdale, Arizona.

3.    There is a diversity of citizenship between the above-named parties, and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs and, therefore, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

4.    Venue in North Dakota is proper as the accident giving rise to the underlying action pending in Burke County, State of North Dakota, *Jesse Miller v. Steve Heinis*, occurred in or near Powers Lake, North Dakota, and National's insurance policy which is the subject matter of this action was issued to Avery Enterprizes, Inc. in the State of North Dakota.

1

## FACTUAL BACKGROUND

5.      On April 14, 2011, Avery Enterprizes, Inc. ("Avery"), as lessee, and Steve Heinis

of Heinis Trucking ("Heinis"), as lessor, entered into a Lease Agreement whereby Avery leased

from Heinis a 2007 Volvo tractor (VIN 4V4NC9TJ77N452292) and 1977 Trailmobile tanker-

trailer (VIN S41021) to use in relation to services Avery provides in the gas and oilfield industry.

6.      The Lease Agreement is modified by way of an Addendum dated April 27, 2011,

to require Avery, as lessor, to acquire and maintain primary trucking liability insurance for all

owned and leased equipment of at least $1,000,000.00.

7.      Upon information and belief, Avery obtained trucking insurance from National

(Policy Number LTO0000531) which was in effect on June 18, 2011.

8.      Upon information and belief, National's policy provides liability coverage for

"insureds" which includes:

> c.      The owner or anyone else from whom you [Avery] hire or borrow
> a "covered auto" that is a "trailer" while the "trailer" is connected
> to another covered "auto" that is a power unit, or, if not connected,
> is being used exclusively in your [Avery's] business.

9.      National's policy also includes a "Hired Autos Specified as Covered Autos You

Own" endorsement which specifically lists the leased 1977 Trailmobile tanker-trailer and

provides as follows:

> A.      For any "auto" described in the Schedule will be considered a
> covered "auto" you own and not a covered "auto" you hire, borrow
> or lease.
>
> B.      **Changes in Liability Coverage**
>
> For an "auto" designated or described in the Schedule, **Who Is An
> Insured** is changed to include as an "insured" the owner or lessor
> named in the Schedule. However, the owner or lessor is an
> "insured" only for "bodily injury" or "property damage" resulting
> from the acts or omissions by:

> 1.   You [Avery];
>
> 2.   Any of your "employees" or agents . . .

10.   The Addendum to Lease Agreement required Heinis to maintain bobtail, or non-trucking use, insurance for the leased equipment.

11.   Heinis obtained bobtail, or non-trucking use, insurance from Great West (Policy No. GWP86191A), which was in effect on June 18, 2011.

12.   Heinis is an insured for purposes of liability coverage and the tractor and tanker-trailer are covered autos under Great West's policy, however, Great West's non-trucking use policy only grants coverage as follows:

> **A.   COVERAGE**
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto" only while:
>
> 1.   A covered "auto" is not used to carry property in any business; and
>
> 2.   A covered "auto" is not used in the business of anyone to whom the "auto" is rented, leased or loaned.
>
> * * *
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages . . . However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" . . . to which this insurance does not apply.

13.   Great West's policy sets forth various exclusions, including the following:

> **15.   TRUCKING OPERATIONS**
>
> This insurance does not apply to:

3

        a.     A covered "auto" while used to carry property in any business; or

        b.     A covered "auto" while used in the business of anyone to whom the "auto" is rented, leased or loaned.

14.     By way of a Summons and Complaint dated September 28, 2012, Jesse Miller commenced a lawsuit against Heinis in Burke County District Court seeking damages for injuries he suffered in an accident occurring on June 18, 2011.

15.     On June 17, 2011, Heinis operated the tractor and tanker-trailer pursuant to the Lease Agreement with Avery when he delivered a load of flow back, a fluid used in the gas and oilfield industry, to a facility in Montana.

16.     During his trip, Heinis discovered a leak in the tanker-trailer's intake/outtake pipe and called Kevin Avery to report the broken pipe.

17.     Upon information and belief, Kevin Avery instructed Heinis to bring the tanker-trailer to Avery's shop in Powers Lake, North Dakota so that an Avery employee, Wally Ossanna, could repair the tanker-trailer.

18.     Pursuant to Kevin Avery's instruction, Heinis drove to Avery's shop, arriving on the afternoon of June 17, 2011.

19.     On the morning of June 18, 2011, as Heinis waited for Ossanna to arrive, Jesse Miller, another Avery employee and mechanic, offered to repair the intake/outtake pipe.

20.     Upon information and belief, Heinis backed the tanker-trailer into Avery's shop, and Miller then prepared the tanker-trailer for welding.

21.     Upon information and belief, some flow back allegedly remained in the tanker-trailer such that an explosion occurred when Miller went to weld the intake/outtake pipe, which resulted in burn injuries to Miller.

4

22.     In relation to a lawsuit brought in Mountrail County District Court, *Steve L. Heinis and Great West Casualty Company v. Avery Enterprizes, Inc.*, wherein property damage to the tanker-trailer and Avery's shop were at issue, Heinis tendered the defense of Avery's counterclaim to National.

23.     In a letter of March 7, 2012, National denied that it has any defense or indemnity obligations to Heinis on the basis that Heinis does not qualify as an insured under National's policy; and asserted that Great West is obligated to provide Heinis with a defense and indemnification.

24.     Great West denies that its non-trucking use policy affords Heinis coverage on the basis that at the time of the accident on June 18, 2011, Heinis was having the tanker-trailer repaired at the direction and control of Avery and that such repairs were made in the business of Avery to whom the tanker-trailer was leased.

## CAUSE OF ACTION

25.     A controversy of a justiciable nature has arisen between the parties to this action. This Complaint for Declaratory Judgment is thus initiated pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. §2201, to obtain a declaration regarding Great West's legal obligations under the policy issued to Heinis and, in turn, a declaration regarding National's legal obligations to Heinis under the policy it issued to Avery.

26.     Both Great West and National have an interest in the declarations sought herein and all other persons who may claim to have any interest which could be affected by the declarations sought herein, namely Heinis and Avery, have been provided with a cop of this

pleading and thereby put on notice of this action so that they may determine whether they wish to intervene.

27.    Great West seeks a declaration that Heinis qualifies as an insured under the policy issued by National to Avery and, therefore, that National is obligated to provide Heinis coverage, including a defense or indemnification, in relation to the June 18, 2011 accident and Miller lawsuit brought in Burke County District Court.

28.    Great West seeks a declaration that at the time of the accident occurring on June 18, 2011, the tanker-trailer was being used in the business of Avery, which had leased the tanker-trailer, and was being repaired pursuant to the direction and control of Avery and, therefore, that Great West's policy excludes coverage and Great West is not obligated to provide Heinis coverage, including a defense or indemnification, in relation to the June 18, 2011 accident or the Miller lawsuit brought in Burke County District Court.

**WHEREFORE,** Plaintiff Great West Casualty Company prays for a declaratory judgment of this Court for the following relief:

1.    Determining, adjudicating and declaring that Heinis qualifies as an insured under the policy issued by National to Avery and, therefore, that National is obligated to provide Heinis coverage, including a defense or indemnification, in relation to the June 18, 2011 accident and Miller lawsuit brought in Burke County District Court.

2.    Determining, adjudicating and declaring that at the time of the accident occurring on June 18, 2011, the tanker-trailer was being used in the business of Avery, which had leased the tanker-trailer, and was being repaired pursuant to the direction and control of Avery and, therefore, that Great West's policy excludes coverage and Great West is not obligated to provide

6

Heinis coverage, including a defense or indemnification, in relation to the June 18, 2011 accident or the Miller lawsuit brought in Burke County District Court.

3.      Determining, adjudicating and making any additional declarations and issuing any such orders for further relief as the Court may deem just and equitable.

4.      Awarding costs and disbursements incurred by Great West Casualty Company herein.

      DEMAND IS FURTHER MADE FOR A TRIAL BY JURY.

**COUSINEAU McGUIRE CHARTERED**

Dated:  January 24, 2013

By:    s/ Tamara L. Novotny
**TAMARA L. NOVOTNY** (ND ID #05594)
Attorneys for Great West Casualty Company
1550 Utica Avenue South, Suite 600
Minneapolis, MN 55416-5318
Tel: (952) 546-8400
Fax: (952) 546-0628
Email: tln@cousineaulaw.com

1506694